IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| RONNIE BARNETT, Individually and on behalf of all others similarly situated, § § § | |
| V. § | CIVIL ACTION NO. G-12-036 |
| § | |
| HIGMAN BARGE LINES, INC. § | |

## OPINION AND ORDER

On March 28, 2013, during a Telephone Conference, the Honorable Gregg Costa took the Motion to Stay of Defendant, Higman Barge Lines, Inc., under advisement. On March 18, 2013, the Fifth Circuit agreed to hear the agreed interlocutory appeal in <u>Coffin v. Blessey Marine Services</u>; Coffin is a similar FLSA case. On April 2, 2013, Judge Costa referred the case to this Court and the Court will now address the Motion to Stay.

The two most significant criteria to be considered in assessing the propriety of granting a stay pending an appeal are whether the movant has made a showing of likelihood of appellate success on the merits and whether the movant has made a showing of irreparable injury if the stay is not granted. The Court will address each of these requirements in turn.

## LIKELIHOOD OF SUCCESS ON THE MERITS

In its appeal, Blessey Marine asks the Court of Appeals to find that loading and unloading duties performed by a vessel tankerman are seaman's work. In the opinion of

this Court, it is not likely that Blessey will succeed on the merits. Judge Atlas ruled against Blessey based upon her extension of the Fifth Circuit's opinion in Owens v.SeaRiver Maritime, Inc., 272 F.3d 698 (5th Cir. 2001), to vessel tankermen and this Court believes Judge Atlas was correct in doing so. Owens held that a land-based tankerman's loading and unloading duties are not seaman's work. This Court does not believe that holding is likely to be reversed simply because a tankerman performs those same duties aboard a vessel. Indeed, the Secretary of Labor, as the named Plaintiff in McLaughlin v. King Welding, Inc., 1988 WL 81539 (C.D. Cal.), took the same position as the instant Plaintiffs based upon the application of the Department of Labor's own regulations. See 29 C.F.R. §§ 783.33 and 783.37. Those regulations instruct a District Court to examine the character of the work being performed, not where it is performed, and to determine whether the non-seaman's work being performed by the Plaintiff is substantial, that is, whether it occupies more than 20 percent of the time worked by Plaintiff during the work week. Since the "findings of the Department of Labor are entitled to great deference," Dole v. Petroleum Treaters, Inc., 876 F.2d 518, 521 (5th Cir. 1989), it is most likely that this case, and others like it, will need to be resolved by determining whether "as a general matter, a substantial portion of (the vessel tankerman's) time was taken up by non-seaman's work, Owens, 272 F.3d at 703, n.5, not by whether he is otherwise a member of the barge's crew.

**IRREPARABLE INJURY**

The "injury" the Defendant wishes to avoid is the legal expense of discovery while the Fifth Circuit considers the interlocutory appeal in <u>Coffin</u>. But "(m)ere injuries, however, substantial, in terms of money, time and energy necessarily expended . . . are not enough" to constitute *irreparable* injury. <u>Los Angeles Memorial Coliseum Commission v. National Football League</u>, 634 F.2d 1197, 1202 (9th Cir. 1980) (<u>quoting</u> <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974)). Moreover, a substantial amount of the expenses incurred in discovery may be recoverable as "costs" should the Defendant prevail.

For the foregoing reasons, it is **ORDERED** that the "Motion to Stay Action" (Instrument no. 42) of Defendant, Higman Barge Lines, Inc., is **DENIED**.

**DONE** at Galveston, Texas, this       12th       day of April, 2013.

John R. Froeschner
United States Magistrate Judge